1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

GREGORY AKSELROD, on behalf of himself
and all others similarly situated,

             Plaintiff,

   vs.

CASTLE STRATEGIC PROPERTIES, LLC and
ZACHARY ALEXANDRE,

           Defendants.

NO.

**COMPLAINT—CLASS ACTION**

**DEMAND FOR JURY TRIAL**

     Greg Akselrod, individually and on behalf of others similarly situated, alleges the following against Castle Strategic Properties, LLC ("Castle Strategic") and Zachary Alexandre ("Mr. Alexandre" and collectively "Defendants").

## I.  NATURE OF ACTION

     1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone

COMPLAINT—CLASS ACTION – 1

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     Castle Strategic specializes in real estate investment services.

3.     Mr. Alexandre is the co-founder and president of Castle Strategic.

4.     Castle Strategic and Mr. Alexandre engaged in sending prerecorded message telemarketing to attempt to acquire new real estate as part of its business, including contacting the Plaintiff.

5.     Plaintiff now files this lawsuit seeking injunctive relief, requiring Castle Strategic and Mr. Alexandre to cease placing unsolicited calls to cellular telephone numbers and residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

## II.  JURISDICTION AND VENUE

6.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7.     This Court has personal jurisdiction over Castle Strategic and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants made the calls to Plaintiff in this District.

## III.  PARTIES

8.     Plaintiff Greg Akselrod is a citizen of Washington, residing in King County, Washington.

9.     Defendant Castle Strategic Properties, LLC is a Maryland limited liability company.

10.    Defendant Zachary Alexandre is a citizen of Virginia, residing in Fairfax County, Virginia.

COMPLAINT—CLASS ACTION – 1

# IV.  TCPA BACKGROUND

## A.     The TCPA Prohibits Automated Telemarketing Calls

11.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1

> indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

2

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,*

3

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

4

16.     Mr. Alexandre is the owner and operator of Castle Strategic and is liable for its

5

conduct.

6

17.     Under the TCPA, an individual such as Mr. Alexandre, may be personally liable

7

for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads,

8

*inter alia*:

9
10
11

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person.*

12

*See* 47. U.S.C. § 217 (emphasis added).

13
14

18.     When considering individual officer liability under the TCPA, other Courts

15

have agreed that a corporate officer involved in the telemarketing at issue may be personally

16

liable under the TCPA. *See, e.g.*, *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-

17

16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual

18

liability, the TCPA would lose much of its force.").

19

19.     Mr. Alexandre personally participated in the actions complained of by:

20

(a) participating in the selection of the phone numbers that would be called; (b) working on the

21

scripting that would be used on the calls; (c) selecting the dialing equipment used to make the

22

prerecorded calls; and (d) recording the prerecorded message.

23

**B.      The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

24

20.     The TCPA also prohibits making multiple telemarketing calls to a residential

25

telephone number that has previously been registered on the National Do Not Call Registry.

26

*See* 47 U.S.C. § 227(c)(5).

27

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

21.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

22.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

23.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V.  FACTUAL ALLEGATIONS

24.     Plaintiff's telephone number, (XXX) XXX-3579, is a personal telephone number assigned to a cellular telephone service. This telephone number is not used for business purposes.

25.     Plaintiff's telephone number, (XXX) XXX-3579, is listed on the National Do Not Call Registry and has been since 2004.

26.     Plaintiff has not been a Castle Strategic customer at any time and never consented to receive calls from Castle Strategic.

27.     On or around July 2, 2021, Plaintiff began to receive unsolicited telephone calls from Defendants.

28.     Plaintiff received a series of calls from, or on behalf of, Defendants, including on July 2, 2021, July 8, 2021, July 13, 2021, July 14, 2021, and August 25, 2021. Several of the calls from the Defendant were prerecorded, including those received on or around July 14, 2021 and August 25, 2021.

29.     The callerID associated with the pre-recorded call received on July 14, 2021 showed the telephone call was from (410) 609-6568.

COMPLAINT—CLASS ACTION – 1

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

30.     The call consisted of a prerecorded message identifying "Zach" as the caller and requesting a return call.

31.     On or around August 25, 2021, Plaintiff received another prerecorded call on his cellular telephone number, (XXX) XXX-3579, from, or on behalf of, Defendants.

32.     The caller ID showed the telephone call was from (240) 996-5344.

33.     The call consisted of a prerecorded message identical to the prerecorded message he received on July 14, 2021, which identified "Zach" as the caller and requesting a call back.

34.     After receiving several calls from the Defendants, Plaintiff began to call the incoming numbers back, to determine the identity of the callers.

35.     On one such occasion, Plaintiff was connected to a person who identified themselves as a "virtual assistant" and informed Plaintiff that an "acquisition manager" would return his call.

36.     Later that day, on approximately 14, 2021, Plaintiff received a call back from a person who identified himself as an acquisition manager and further identified the company on whose behalf he was calling as Castle Strategic Properties in northern Virginia.

37.     The acquisition manager also informed Plaintiff that Castle Strategic is calling "lots of people" and not just Plaintiff. He further explained that the owner of the company is "Zach."

38.     The owner and primary operator of Castle Strategic Properties is Zachary Alexandre.

39.     Plaintiff was not interested and had not requested information regarding those products.

40.     The conduct of Castle Strategic and Mr. Alexandre is widespread.

COMPLAINT—CLASS ACTION – 1

41.     Indeed, NoMoRobo, who won the FTC's competition for tracking robocalls, has reported that each of the caller IDs that contacted the Plaintiff with prerecorded messages, (410) 609-6568 and (240) 996-5344, are a "robocaller". *See* https://www.nomorobo.com/lookup/240-996-5344; https://www.nomorobo.com/lookup/410-609-6568 (last visited September 17, 2021).

42.     Plaintiff and other individuals who received these prerecorded calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

### VI.  CLASS ACTION ALLEGATIONS

43.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

44.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

45.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Pre-Recorded Calls Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendants (or an agent acting on behalf of Defendants) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar prerecorded message used to place telephone calls to Plaintiff.

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendants or a third party acting on Defendants' behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

46.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

COMPLAINT—CLASS ACTION – 1

47.     Excluded from the Classes are counsel, Defendants, and any entities in which Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49.     This Class Action Complaint seeks injunctive relief and money damages.

50.     The Classes, as defined above, are identifiable through Defendants' dialer records, other phone records, and phone number databases.

51.     Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

52.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

53.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

55.     There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

        a.      Whether the Defendants used prerecorded messages to send calls;

        b.      Whether Defendants made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

        c.      Whether Defendants' conduct constitutes a violation of the TCPA; and

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

d.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

56.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

57.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

58.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

59.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

60.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(b) on behalf of Plaintiff and the Prerecord Class)

61.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering prerecorded messages.

COMPLAINT—CLASS ACTION – 1

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

63.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

64.     If the Defendants' conduct is found to be knowing or willful, Plaintiff and members of the Class are entitled to an award of up to treble damages.

65.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

66.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

67.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

68.     Defendants' violations were negligent, willful, or knowing.

69.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and

COMPLAINT—CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

70.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number on the using a prerecord message in the future;

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.      Such other relief as the Court deems just and proper.

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

1

## VIII.  DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a trial by jury.

3

RESPECTFULLY SUBMITTED AND DATED this 11th day of November, 2021.

4

TURKE & STRAUSS LLP

5

By:    /s/ Samuel J. Strauss, WSBA #46971

6

Samuel J. Strauss, WSBA #46971
Email:  sam@turkestrauss.com

7

613 Williamson St., Suite 201
Madison, Wisconsin 53703

8

Telephone: (608) 237-1775
Facsimile:  (608) 509-4423

9

10

*Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com